# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**KIMBERLY DAWN RAMEY**                                                          **PLAINTIFF**

**V.**                      **CASE NO. 2:18-CV-00125-JTK**

**ANDREW SAUL,**
**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION[1]**                        **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Kimberly Dawn Ramey ("Ramey"), applied for disability benefits on May 15, 2015, alleging a disability onset date of November 2, 2014. (Tr. at 18). The claim was denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ramey's application. (Tr. at 29). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ramey has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Ramey had not engaged in substantial gainful activity since the alleged onset date of November 2, 2014. (Tr. at 20). The ALJ found, at Step Two of the sequential five-step analysis, that Ramey had the following severe impairments: thyroid and appendix surgery, plantar fasciitis, status post 2 C-sections, headaches, restless leg syndrome, fibromyalgia with associated irritable bowel syndrome, neuropathy in her legs, degenerative disc disease of the

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

lumbar spine, borderline diabetes, bilateral carpal tunnel syndrome, right shoulder impingement syndrome, depression, and anxiety. (Tr. at 21).

At Step Three, the ALJ determined that Ramey's impairments did not meet or equal a listed impairment. *Id.* Before proceeding to Step Four, the ALJ determined that Ramey had the residual functional capacity ("RFC") to perform work at the sedentary level, with additional limitations. (Tr. at 24). Her work would mostly be performed in the sitting position; she could occasionally climb, stoop, kneel, and crawl; she would require a restroom inside the work area; she could occasionally reach overhead with the right upper extremity; she could frequently reach and handle; she could perform unskilled, rote activities; she could understand, follow, and remember concrete instructions; and she could have superficial contact with others. *Id*

The ALJ found that Ramey was unable to perform any past relevant work. (Tr. at 30). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ramey's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. *Id.* Therefore, the ALJ found that Ramey was not disabled. (Tr. at 32).

## III. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only

evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B. Ramey's Arguments on Appeal

Ramey contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ did not properly consider her pain associated with fibromyalgia, and that the ALJ did not give appropriate weight to the opinion of Ramey's chiropractor. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Fibromyalgia was referenced several times as a condition for which Ramey sought treatment. (Tr. at 53, 61, 69, 322, 355, 431). She complained of some common symptoms of fibromyalgia like headaches, fatigue, trouble concentrating, neuropathy, and restless leg syndrome. *Id*. At a few visits with her PCP, Ramey said her pain was moderate, but at more than a dozen appointments from 2014 to 2017, her PCP noted that she was in no acute distress. (Tr. at 437-472, 505, 509, 602-614). And Ramey generally had normal muscle tone and strength, with normal gait, and only moderate joint pain. (Tr. at 344, 357, 370, 730, 762). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Ramey was prescribed Savella for her pain, but found that was not effective, so she was switched to Lyrica. (Tr. at 355, 53). She said at the hearing that Lyrica really helped her pain and neuropathy. (Tr. at 53). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Finally, Ramey was able to perform daily activities like caring for her 3-year-old daughter, fixing meals, shopping in stores,

going outside, going to church, and driving. (Tr. at 288-294). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

The state-agency medical experts found Ramey capable of light work. (Tr. at 104, 123). The ALJ considered these opinions, as well as the diagnosis of several tender points associated with fibromyalgia, and he limited Ramey further, to sedentary work. (Tr. at 25, 26). While Ramey suggests that her pain was disabling, and that the RFC for sedentary work did not account for that pain, as discussed above, the record does not support that allegation. The ALJ considered all of the evidence including improvement with treatment, normal clinical findings, and ability to do activities of daily living and decided that Ramey's subjective complaints of pain were inconsistent with the record as a whole. *See Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996)(the ALJ may discount a claimant's complaints of pain if they are inconsistent with the evidence as a whole).

Ramey complained of low back pain, and objective tests did show moderate conditions in her lumbar spine. (Tr. at 587, 750-752, 762-766). She had an epidural injection and one nerve block to ease the pain. (Tr. at 763). She said that Effexor improved her pain by 60%, as did narcotic pain medication. (Tr. at 516). At the hearing, Ramey said that she took prescribed Hydrocodone only once every few months for pain, and that she relied more often on Tylenol. (Tr. at 56).

Ramey saw Tad Scarbrough, D.C., several times for chiropractic care from September 2016 through March 2017. (Tr. at 736-755). In November 2016, Ramey told Dr. Scarbrough that she was much better and felt a lot of improvement with treatment. (Tr. at 743-748). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). In February 2017, Ramey also said she felt relief from treatment. *Id.* Dr. Scarbrough filled out a short medical source statement in March 2017, stating

4

that Ramey would need to lie down during a regular workday, she would only be able to sit for four hours a day, she would need to take unscheduled breaks, and she would likely miss work once or twice a month. (Tr. at 754-755). The ALJ gave this opinion little weight, which was appropriate for a few reasons. (Tr. at 30). The opinion was on a checkbox form with no reference to any objective testing or treatment notes. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Dr. Scarbrough only saw Ramey for six months in the three-year relevant time-period, and Ramey felt improvement over that time. Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Dr. Scarbrough did not administer more than conservative treatment. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). The functional restrictions placed on Ramey by Dr. Scarbrough in his medical source statement were not consistent with his own treatment notes or the record as a whole. Medical opinions that are "internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005).

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered and discussed Ramey's pain associated with fibromyalgia and he gave appropriate weight to the opinion of Dr. Scarbrough. The finding that Ramey was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 13th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE